UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

VICTOR RIVERA,

                              Plaintiff,

-against-

GOULART, George (925377);
GONZALEZNOA, Rosa (930246);
JOHNSON, Richard (921444);
ORTIZ, Paul (943634);
MAHONEY, Daniel (943509);
MCHALE, Thomas (919391);
LYNCH, Sean (917115);
MAZZA, (not given) (927162);
And other Officers missing from this list who also are assigned to NBBX working out of the 52nd precinct,

                              Defendants.

---------------------------------------------------------------- x

**DEFENDANTS GOULART, LYNCH, ORTIZ, MAHONEY, MCHALE, GONZALEZNOA, JOHNSON AND MAZZA'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

15 Civ. 2197 (VSB)

        Defendants George Goulart, Richard Johnson, Rose Gonzaleznoa, Sean Lynch, Paul Ortiz, Daniel Mahoney, Thomas McHale, and Kevin Mazza, (hereinafter "defendants") by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, submit this statement pursuant to Local Civil Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York to set forth the material facts as to which Defendants contend there are no genuine issues to be tried.

        1. Plaintiff Victor Rivera filed a Complaint in the United States District Court, Southern District of New York, on or about March 17, 2015, alleging *inter alia*, that on four different occasions in 2012, he was falsely arrested by defendants and that he suffered a deprivation of property in connection with three of those arrests. (See Complaint, annexed to the

Declaration of Kaitlin Fitzgibbon in Support of Defendants' Motion for Summary Judgment dated February 8, 2018 (hereinafter "Fitzgibbon DecL."), as Exhibit "A" (hereinafter "Ex. A")).

2. By Motion dated January 15, 2016, defendants moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (See Civil Docket Sheet, annexed to Fitzgibbon DecL. as Exhibit "B" (hereinafter "Ex. B"), at Docket Entry NoS. 28-30).

3. By Order dated September 30, 2016, the Court converted defendants' motion to dismiss into a motion for summary judgment and dismissed all of plaintiff's claims with the exception of three claims. Plaintiff's only surviving claims are (1) a false arrest claim related to plaintiff's January 9, 2012 arrest; (2) a deprivation of property claim related to plaintiff's May 2, 2012 arrest; and (3) a deprivation of property claim related to plaintiff's June 12, 2012 arrest. (See generally Memorandum & Order dated September 30, 2016, annexed to Fitzgibbon DecL. as Exhibit "C" (hereinafter "Ex. C"), at 1-2, 8-9).[1]

### Plaintiff's January 9, 2012 Arrest

4. Plaintiff was arrested on or about January 9, 2012 in Bronx County for a misdemeanor/violation. (See Bronx County Criminal Court Certificate of Disposition dated November 9, 2015, annexed to Fitzgibbon Decl. as Exhibit "D" (hereinafter "Ex. D")).

5. The Court denied defendants' motion to dismiss with respect to plaintiff's false arrest claim related to his January 9, 2012 arrest because the Court held that plaintiff's false arrest claim accrued at the time of arraignment and that defendants "failed to establish when plaintiff was arraigned." (Ex. C at 15).

6. Plaintiff was arraigned in connection with his January 9, 2012 arrest on January 10, 2012, at approximately 5:32 p.m. (See NYPD Online Prisoner Arraignment Form, annexed to Fitzgibbon Decl. as Exhibit "E" (hereinafter "Ex. E")).

7. The criminal case stemming from plaintiff's January 9, 2012 arrest was dismissed on February 17, 2012. (See Ex. D).

---

[1] For ease of reference, citations to documents filed on the docket sheet utilize ECF pagination.

**Plaintiff's Deprivation of Property Claims**

8. Plaintiff received an NYPD Property Clerk Invoice for the cell phone, cell phone battery and keys that were seized and vouchered in connection with his May 3, 2012 arrest. (See NYPD Property Clerk Invoice No. 2000096218 dated May 3, 2012, annexed to Fitzgibbon Decl. as Exhibit "F" (hereinafter "Ex. F")).

9. Plaintiff received an NYPD Property Clerk Invoice for the cash, totaling $519.00, which was seized and vouchered in connection with plaintiff's June 12, 2012 arrest. (See NYPD Property Clerk Invoice No. 2000108456 dated June 12, 2012, annexed to Fitzgibbon Decl. as Exhibit "G" (hereinafter "Ex. G")).

10. The Court denied defendants' motion to dismiss with respect to plaintiff's deprivation of property claims "because the property invoices attached to the Complaint contain only the front side of the invoice and thus [the Court] cannotdetermine whether the vouchers comply with the Lasker Order." (Ex. C at 19-20).

11. Along with both the May 3, 2012 and the June 12, 2012 NYPD Property Clerk Invoices, plaintiff received a "NOTICE TO PERSONS FROM WHOM PROPERTY HAS BEEN REMOVED BY THE POLICE DEPARTMENT" which gave plaintiff notice of his post-deprivation remedy under state law and outlined the procedures to be followed to recover property that has been taken into NYPD custody. (See Ex. F, at DEF 6-7; Ex. G, at DEF 10-11; see also Affidavit of Matthew R. Russo, Esq., annexed to Fitzgibbon Decl. as Exhibit "H" (hereinafter "Ex. H")).

12. Plaintiff does not allege that his property was not returned to him or that he was never given proper notice of the post-deprivation remedies available under state law. (See generally Ex. A).

13. Plaintiff does not allege that he pursued state law post-deprivation remedies in an attempt to recover his property or that the post-deprivation remedies available under state law were inadequate. (Id.).

Dated:     New York, New York
           February 8, 2018

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for Defendants Goulart, Lynch,
                                        Ortiz, Mahoney, McHale, Gonzaleznoa,
                                        Johnson and Mazza
                                        100 Church Street, Room 3-202
                                        New York, New York 10007
                                        (212) 356-5057

                                        By:    /s/ Kaitlin Fitzgibbon
                                               Kaitlin Fitzgibbon
                                               Assistant Corporation Counsel

To:    **VIA ECF AND FIRST CLASS MAIL**
       Victor Rivera
       *Plaintiff Pro Se*
       2971 Eighth Ave
       #7C
       New York, NY 10039

4