UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                      :
VICTOR RIVERA,                        :
                                      :
                             Plaintiff,   :
                                      :          15-CV-2197 (VSB)
            - against -                 :
                                      :         **OPINION & ORDER**
                                      :
GEORGE GOULART, et al.,          :
                                      :
                             Defendants.  :
                                      :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/2018

Appearances:

Victor Rivera
New York, NY
*Pro se Plaintiff*

Kathryn M. Sprovieri
Kaitlin E. Fitzgibbon
New York City Law Department
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       Plaintiff brings this action pro se pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by George Goulart, Richard Johnson, Rose Gonzaleznoa, Sean Lynch, Paul Ortiz, Daniel Mahoney, Thomas McHale, and Kevin Mazza (collectively, "Defendants").[1] Before me is Defendants' motion for summary judgment regarding all remaining claims in this matter. (Doc. 65.) For the reasons set forth below, Defendants' motion is granted.

---

[1] It is undisputed that at the relevant time, Defendants were employed by the New York City Police Department ("NYPD") and each held the rank of Detective with the exception of Defendant Johnson who held the rank of Sergeant. (*See* Doc. 34.)

## I. Background[2]

Plaintiff was arrested on or about January 9, 2012 in Bronx County for a misdemeanor violation (the "January 9 Arrest"). (Defs.' 56.1 ¶ 4.)[3] Plaintiff was arraigned in connection with the January 9 Arrest on January 10, 2012. (*Id.* ¶ 6.) The criminal case stemming from Plaintiff's January 9 Arrest was dismissed on February 17, 2012. (*Id.* ¶ 7.)

Plaintiff was arrested twice more in Bronx County, on or about May 2, 2012 (the "May 2 Arrest"), and June 12, 2012 (the "June 12 Arrest"). (*Id.* ¶¶ 8–9.) Plaintiff received an NYPD Property Clerk Invoice documenting that a cell phone, cell phone battery, and keys were seized and vouchered in connection with the May 2 Arrest. (*Id.* ¶ 8.) Plaintiff received an NYPD Property Clerk Invoice documenting that cash in the amount of $519 was seized and vouchered in connection with the June 12 Arrest. (*Id.* ¶ 9.) In conjunction with both Property Clerk Invoices, Plaintiff received a "Notice to Persons from whom Property has been Removed by the Police Department," which outlined the procedures to be followed to recover property that had been taken into NYPD custody. (*Id.* ¶ 11.)

## II. Procedural History

Plaintiff commenced this action by filing his Complaint on March 17, 2015. (Doc. 2.) On January 15, 2016, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 28.) On September 30, 2016, I converted Defendants' motion to dismiss into a motion for summary judgment and granted the motion with respect to all claims originally brought in this matter except (1) a false arrest claim related to Plaintiff's January 9

---

[2] I address only those facts pertaining to the remaining claims in this matter and that are relevant to deciding this Opinion & Order. These facts are uncontested unless otherwise indicated.

[3] "Defs.' 56.1" refers to Defendants' Statement of Uncontested Material Facts Pursuant to Local Civil Rule 56.1, dated February 8, 2018. (Doc. 67.)

Arrest; (2) a deprivation of property claim related to Plaintiff's May 2 Arrest; and (3) a deprivation of property claim related to Plaintiff's June 12 Arrest. (Doc. 34.)

On March 3, 2017, Defendants filed their Answer, (Doc. 45), after which the parties engaged in discovery. On January 8, 2018, the parties filed a letter setting forth a proposed briefing schedule for Defendants' anticipated motion for summary judgment, (Doc. 62), which I granted, (Doc. 63). On February 8, 2018, Defendants filed their motion for summary judgment, along with a memorandum of law in support, Rule 56.1 statement, and declaration of Kaitlin Fitzgibbon, with exhibits. (Docs. 65–68.) On March 12, 2018, Plaintiff filed a brief in opposition, (Doc. 69), and on March 26, 2018, Defendants filed a letter indicating that they would not be submitting a reply brief, (Doc. 70).

## III. Legal Standards

### A. *Motion for Summary Judgment*

Summary judgment is appropriate when "the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002); *see also* Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine[]' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id*.

On a motion for summary judgment, the moving party bears the initial burden of establishing that no genuine factual dispute exists, and, if satisfied, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial," *id*. at

256, and to present such evidence that would allow a jury to find in his favor, *see Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).  To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1).  In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(2), (3).

In considering a summary judgment motion, a court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal citations and quotation marks omitted); *see also Matsushita*, 475 U.S. at 587.  "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment must be denied.  *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

### B. *Pro Se Litigant*

Pro se litigants are afforded "special solicitude" on motions for summary judgment. *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988).  Courts read the pleadings, briefs, and

opposition papers of pro se litigants "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that the submissions of pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks omitted)); *Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 577 (S.D.N.Y. 2008) ("District courts should read the pleadings of a pro se plaintiff liberally[,] and [the] same principles apply to briefs and oppositions submitted by pro se litigants." (internal quotation marks omitted)).

However, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted); *see also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (stating that the obligation to read pro se pleadings liberally "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment"). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

IV. **Discussion**

Defendants move for summary judgment on the grounds that Plaintiff's false arrest claim is barred by the statute of limitations and Plaintiff's deprivation of property claims fail as a matter of law. I address these arguments below.

A. *Notice to Pro Se Litigants*

As an initial matter, I must determine whether Plaintiff received proper notice of the nature and consequences of summary judgment. Under Local Rule 56.2, "any represented party

moving for summary judgment against a party proceeding pro se shall serve and file as a separate document, together with the papers in support of the motion, a Notice To Pro Se Litigant Opposing Motion For Summary Judgment." The purpose of this rule is to ensure that a party acting pro se "understands its burden in responding to a motion for summary judgment, and the consequences of failing to do so." *Hartford Life Ins. Co. v. Einhorn*, 452 F. Supp. 2d 126, 129 (E.D.N.Y. 2006). "The failure to include a Rule 56.2 Statement with a motion for summary judgment is grounds for the denial of the motion if it is not otherwise clear from the record that the pro se litigant understood the nature of the summary judgment motion." *Id.* (citing *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620–21 (2d Cir. 1999)).

There is no indication in the record that counsel for Defendants provided Plaintiff with notice under Local Rule 56.2. Nevertheless, I conclude that the absence of notice was harmless, as the record indicates that Plaintiff was aware of the requirements of summary judgment. *See, e.g.*, *Venable v. Reed Elsevier, Inc*., No. 04-CV-3532, 2009 WL 2516844, at \*2 (S.D.N.Y. Aug. 17, 2009) (finding that failure to serve Local Rule 56.2 notice was "harmless" where plaintiff had "demonstrated her knowledge of all obligations and consequences stemming from the Defendant's motion for summary judgment"). The "linchpin of Rule 56.2 is whether a pro se [litigant] ultimately is aware of the basic requirements and ramifications of the adjudication of the summary judgment motion against him." *Forsyth v. Federation Empl. & Guidance Serv*., 409 F.3d 565, 572 (2d Cir. 2005) (finding that where plaintiff's opposition papers indicated that he understood his responsibilities under Rule 56, neither the district court nor defendants were required to provide plaintiff with notice under Rule 56.2), *abrogated on other grounds by Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007). Here, Defendants provided Plaintiff at the motion to dismiss stage with notice pursuant to Local Rule 12.1 notifying Plaintiff

6

of the nature and consequences of Rule 56. (*See* Doc. 29, Ex. E; *see also* Doc. 34 at 9, 12–13.) Subsequently, the parties appeared before me on numerous occasions regarding, among other things, the status of discovery and Plaintiff's need to present evidence countering the facts asserted by Defendants and in support of his claims. (*See generally, e.g.*, Docs. 71, 73–76, 83.) Indeed, during these conferences the discovery deadlines were extended, on multiple occasions, to provide Plaintiff the opportunity to confer with his prior counsel regarding past arrest records that Plaintiff claimed were relevant to this matter, and to obtain a copy of his case file so that he could use relevant documents from the case file to respond to Defendants' summary judgment motion. (*See generally, e.g.*, Docs. 71, 73–76, 83.) Plaintiff received a copy of his case file from his prior counsel during the week of November 26, 2017. (*See* Doc. 60.) Lastly, Plaintiff submitted an opposition to the motion for summary judgment in which he demonstrates an understanding of the significance of the motion.

Under these circumstances, I find that the goal of the local rule has been achieved. *See Jones v. Hirschfeld*, No. 01 Civ. 7585(PKL), 2003 WL 21415323, at *4 n.8 (S.D.N.Y. June 19, 2003) (concluding that counsel's failure to provide Local Rule 56.2 notice was excused where pro se defendant clearly "had a sufficient understanding of Rule 56, the possible consequences of plaintiff's motion, and what he needed to do to oppose the motion"); *Kravitz v. N.Y.C. Transit Auth.*, No. 94-CV-5910(NG), 2001 WL 1646513, at *1 n.1 (E.D.N.Y. Dec. 18, 2001) (excusing defendants' failure to serve Local Rule 56.2 notice where, inter alia, magistrate judge had apprised plaintiff of consequences of summary judgment), *aff'd*, 45 F. App'x 48 (2d Cir. Sept. 6, 2002). Accordingly, because I find that Plaintiff knew that he was required to present evidence supporting his factual allegations, I conclude that I may consider the motion despite Defendants' failure to provide notice pursuant to Local Rule 56.2.

### B. *Plaintiff's False Arrest Claim*

#### 1. Applicable Law

"Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In *Owens v. Okure*, 488 U.S. 235 (1989), the Supreme Court held that courts considering claims brought under § 1983 should borrow the state statute of limitations for personal injury actions. *Id.* at 240–41. Accordingly, claims premised on torts such as false arrest are "governed by the three-year statute of limitations prescribed by New York law." *Day v. Morgenthau*, 909 F.2d 75, 78 (2d Cir. 1990); *see also* N.Y. C.P.L.R. § 214(5).

While New York law governs the length of the statute of limitations, federal law determines when the cause of action accrues. *See Singleton v. City of N.Y.*, 632 F.2d 185, 191 (2d Cir. 1980). Under federal law, a false arrest claim accrues when a plaintiff knows or has reason to know of the injury that is the basis of the action. *Id.* In *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process," such as when he is arraigned. *Id*. at 389, 397.

#### 2. Application

The statute of limitations with regard to Plaintiff's false arrest claim began to accrue on January 10, 2012 when Plaintiff was arraigned and expired on January 10, 2015, three years later. Because Plaintiff did not file his Complaint in this action until March 17, 2015, more than two months after the expiration of the limitations period, Plaintiff's claim for false arrest based

8

on the January 9 Arrest is time barred.[4]

Accordingly, Defendants' motion is granted as to Plaintiff's false arrest claim.

### C. *Plaintiff's Deprivation of Property Claims Fail as a Matter of Law*

#### 1. Applicable Law

The Fourteenth Amendment to the United States Constitution guarantees that "no person shall be deprived of life, liberty or property, without due process of law." U.S. Const., amend. XIV. Generally speaking, this means that a person is entitled to notice and a hearing before being deprived of a property right. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). "In order to assert a claim under the Due Process Clause of the Fourteenth Amendment for the loss of his personal property upon his arrest, a plaintiff must allege that the post-deprivation remedies available under state law were inadequate or that he was never given proper notice of the procedures." *Kneitel v. Danchuk*, No. 04-CV-0971 (NGG)(LB), 2007 WL 2020183, at *4 (E.D.N.Y. July 6, 2007) (citing *Larkin v. Savage*, 318 F.3d 138, 141 (2d Cir. 2003)).

The procedure by which a New York City arrestee may recover seized property is derived from a 1975 order by Southern District Judge Morris E. Lasker, issued after the Second Circuit found the procedures outlined in the City's Administrative Code to be unconstitutional. *See, e.g.*, *Alexandre v. Cortes*, 140 F.3d 406, 409–10 (2d Cir. 1998). Upon remand, Judge Lasker

---

[4] I denied Defendants' motion to dismiss Plaintiff's false arrest claim with regard to the January 9 Arrest because Defendants failed to establish at that stage of the proceedings when Plaintiff was arraigned. (*See* Doc. 34 (finding that "Defendants have failed to establish when Plaintiff was arraigned, and I have not found any admissible evidence in the record that would establish Plaintiff's date of arraignment. In light of the fact that Plaintiff's claim for false arrest accrued when he was arraigned . . . and I have no basis to determine when Plaintiff's arraignment occurred, I cannot rule as a matter of law that Plaintiff's false arrest claim relating to the January 9 Arrest is time barred.").) Defendants have attached a copy of the NYPD Prisoner Arraignment Form related to Plaintiff's January 9 Arrest, which sets forth Plaintiff's arraignment date, to the Declaration of Kaitlin Fitzgibbon in Support of Defendants' Motion for Summary Judgment (the "Fitzgibbon Declaration"). (*See* Doc. 66, Ex. E.)

9

issued an unpublished order (the "Lasker Order") establishing a constitutional procedure for the recovery and disposition of arrestees' seized property. *Id.* at 410. According to the Lasker Order:

> [A] voucher must be given to an arrestee for non-contraband property seized. The voucher must also give notice of the procedures to be followed to recover such property. A claimant must make a demand upon the property clerk for his property or money within 90 days of the earlier of (i) the termination of the criminal proceeding, or (ii) the issuance by the District Attorney of a release indicating that the property or money is not needed as evidence. The City must, within ten days of a timely demand, either return the item or items in question or initiate judicial action to authorize their continued detention. In the absence of a timely demand, the property clerk may dispose of the property.

*Butler v. Castro*, 896 F.2d 698, 702 (2d Cir. 1990). Following the issuance of the Lasker Order, the City began printing the procedures for recovering seized property on the back of the Property Clerk's vouchers. *See Alexandre*, 140 F.3d at 414.

### 2. Application

Plaintiff has supplied no evidence indicating that he was not adequately put on notice of the procedures for recovering seized property. To the contrary, following both Plaintiff's May 2 Arrest and June 12 Arrest, the NYPD provided Plaintiff with a voucher for the property that had been seized, which provided a "notice to persons from whom property has been removed by the police department." (Defs.' 56.1 ¶ 11.) In compliance with the Lasker Order, the vouchers included language putting Plaintiff on notice that "[t]he property may be disposed of by the Property Clerk according to law, unless the claimant demands the property no later than 120 days after the termination of criminal proceedings." (*Id.*) This language was sufficient to put Plaintiff on notice of the necessary procedures for retrieving his seized property. *Cf. Williams v. N.Y.C. Police Dep't*, 930 F. Supp. 49, 53 (S.D.N.Y. 1996) (finding no deprivation of property where plaintiff was provided with Property Clerk's invoice, including procedures pursuant to the

Lasker Order for demanding the return of property).

Moreover, Plaintiff has provided no evidence—and does not even allege—that the post-deprivation remedies available under state law were inadequate or unavailable to him. "[T]he Second Circuit has determined that 'New York in fact affords an adequate post-deprivation remedy in the form of, inter alia, a Court of Claims action.'" *Acevedo v. Fischer*, No. 1-cv-6866 (RA), 2014 WL 5015470 at *13 (S.D.N.Y. Sept. 29, 2014) (quoting *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001)); *see also, e.g.*, *Toliver v. City of N.Y.*, No. 10 Civ. 5806(SHS)(JCF), 2013 WL 6476791, at *7 (S.D.N.Y. Dec. 10, 2013) ("It is well established that New York provides [arrestees] with the opportunity for a meaningful postdeprivation hearing through state law causes of action for negligence, replevin, or conversion which could fully compensate [the plaintiff] for his alleged property loss."), *report and recommendation adopted*, 2014 WL 549402 (S.D.N.Y. Feb. 11, 2014). Plaintiff's "failure to take advantage of the state procedures does not convert his cause of action into a constitutional due process claim." *Watts v. N.Y.C. Police Dep't*, 100 F. Supp. 3d 314, 329 (S.D.N.Y. 2015) (citation omitted); *see also Davis v. New York*, 311 F. App'x 397, 400 (2d Cir. 2009) (summary order) (noting that failure to pursue an available state remedy precludes relief under § 1983).

Accordingly, Plaintiff cannot maintain a claim for deprivation of his due process rights and his claims for deprivation of property are dismissed.[5]

---

[5] I denied Defendants' motion to dismiss the deprivation of property claims with regard to the May 2 Arrest and the June 12 Arrest "because the property invoices attached to the Complaint contain only the front side of the invoice and thus I cannot determine whether the vouchers comply with the Lasker Order." (Doc. 34.) Defendants have attached the voucher forms in their entirety to the Fitzgibbon Declaration and, as discussed above, I find that the vouchers comply with the Lasker Order. (*See* Doc. 66, Exs. F, G.)

## V. Conclusion

For the reasons stated herein, Defendants' motion for summary judgment, (Doc. 65), is GRANTED.

The Clerk of Court is respectfully directed to enter judgment for Defendants and close the case, and to mail a copy of this Opinion and Order to the pro se Plaintiff.

SO ORDERED.

Dated: September 25, 2018
     New York, New York

_____
Vernon S. Broderick
United States District Judge